UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

BRIAN NEWARK

    Plaintiff

v.                                   Civ. No.: 04 11839 WGY

GILBERT L. TRUDEAU, and
T. C. (CHRIS) MATTOCKS

    Defendants

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

MAGISTRATE JUDGE _____
RECEIPT # 58186
AMOUNT $150
SUMMONS ISSUED ___
LOCAL RULE 4.1 ___
WAIVER FORM ___
MCF ISSUED ___
BY DPTY. CLK ___
DATE 8/24/04

**COMPLAINT AND JURY CLAIM**

JURISDICTION

1. Plaintiff brings this action to redress violations by defendants of plaintiff's rights under the Constitution and laws of the United States and of the Commonwealth of Massachusetts.

2. This action is brought pursuant to 42 USC §1983 to redress the deprivation under color of law of rights, privileges and immunities secured to plaintiff by the 1st and 14th Amendments to the Constitution of the United States.

3. Jurisdiction is conferred on this Court by 42 USC §1983 and 28 USC §§1331 and 1343(3), which confer original jurisdiction on United States District Courts in suits to redress the deprivation of rights, privileges and immunities conferred by the Constitution and laws of the United States.

PARTIES

4. Plaintiff Brian Newark resides in Douglas, Massachusetts and is a citizen of the United States and of the Commonwealth of Massachusetts. Plaintiff is a social studies teacher

employed by the Town of Bellingham at its high school.

5. Defendant Gilbert L. Trudeau resides at 2 Bellstone Drive, Bellingham, Massachusetts and at all relevant times was the principal of the Bellingham High School. The defendant Trudeau is sued in both his individual and official capacities.

6. Defendant T. C. ("Chris") Mattocks has a place of business at 60 Harpin Street, Bellingham and is the Superintendent of Schools for the Town of Bellingham. The defendant Mattocks is sued in both his individual and official capacities.

## FACTS

7. Plaintiff has been employed by the Bellingham School Department as a teacher since 1993 and has been a member of the social studies department at the Bellingham High School since 1998.

8. The main focus of the Current Events course as described in the High School Course Catalog is discussion of current events at the national and international levels. Its students are, predominantly, seniors.

9. Since plaintiff has been teaching Current Events, it has become substantially more popular with students. Initially the course was taught in one section for one semester. For the coming school year 109 students have signed up for the course, necessitating four one-semester sections.

10. On May 10, 2004 plaintiff assigned his Current Events students to look at photographs concerning the Abu Ghraib prison which photographs were on the CNN and MSNBC web sites. Plaintiff informed the students that some of them might find the photographs upsetting, that no student was required to look at the photographs and that, upon request,

plaintiff would make a substitute assignment. This assignment was entirely pedagogically appropriate, particularly given the educational objective of the Current Events class and the age and sophistication of its students.

11. At a department meeting on May 11, 2004, plaintiff's department chairman confirmed plaintiff's teaching assignments for the upcoming academic year, including that plaintiff would be teaching the four one-semester Current Events courses.

12. On May 12, 2004 the defendant Trudeau instructed the plaintiff that he was to cease and desist from having students look at photos depicting conditions at the Abu Ghraib prison or from basing assignments on those photos. Plaintiff explained that he did not require the students to look at the photos and that he had told them that he would give any student so requesting a substitute assignment. Trudeau informed the plaintiff that a parent had complained about the use of the photographs and that the defendant Mattocks had directed him to order plaintiff to stop using the photographs and that any violation of that order would result in plaintiff's being written up for insubordination.

13. On that same day, counsel for the plaintiff sent a letter to both defendants pointing out that preventing plaintiff from giving an assignment involving the Abu Ghraib photographs was a violation of academic freedom and plaintiffs right's under the First Amendment. The letter also pointed out that no parent had a right to cause the censorship is what of what is taught to other students.

14. On May 13 plaintiff received what purported to be a written confirmation of the instructions plaintiff had been given the previous day. Unlike the instructions of the previous day, however, the letter purported to prohibit plaintiff only from "requiring"

students to view Abu Ghraib photographs.

15. On June 8 plaintiff's department chairman informed him that there had been more "fallout" from the Abu Ghraib photograph incident and that he had been instructed to remove plaintiff as the Current Events teacher for the coming academic year.

16. Plaintiff did not agree to his removal as teacher of the Current Events course.

17. Plaintiff's removal as Current Events teacher is an adverse employment action.

18. Plaintiff's removal as Current Events teacher was in retaliation for his exercising and asserting rights under the Constitutions and laws of United States and the Commonwealth of Massachusetts.

19. Plaintiff's removal was in retaliation for his discussion of the events at the Abu Ghraib prison in the Current Events course.

20. Plaintiff filed a written grievance challenging his removal from the Currents Events course pursuant to the collective bargaining agreement between the teachers union and the Bellingham School Department. The defendant Trudeau responded to that grievance, stating that the change in plaintiff's course assignment was the result of unforeseen circumstances in connection with the hiring and firing of staff.

21. There were no such circumstances in connection with staffing. The defendant Trudeau's explanation is entirely pretextual and interposed for the purpose of concealing the true motivation for plaintiff's reassignment.

22. On June 21, plaintiff and others had a formal meeting with the defendant T. C. Mattocks concerning the grievance which plaintiff had filed.

23. On July 2, the defendant Mattocks responded in writing to the grievance, stating that

plaintiff's reassignment was the result of his inappropriate requirement that his Current Events students view pictures depicting the beheading of Nicolas Berg.

24. There was no such assignment, there was no discussion of any such assignment at the June 21 formal meeting or otherwise and the defendant Mattocks' explanation is entirely pretextual.

25. In reassigning plaintiff to new duties and removing him as teacher of the Current Events course defendants acted under color of state law.

26. Plaintiff has suffered damages as a result of being assigned new duties and as a result of being removed as teacher of the Current Events course, including injury to his First Amendment rights and injury to his reputation, humiliation and embarrassment.

27. Defendants' action in removing plaintiff as the teacher of the Current Events course has a chilling effect upon a Bellingham's teacher's exercise of rights under the First Amendment and otherwise in connection with the discharge of their teaching duties.

28. Defendants' action in removing plaintiff as the teacher of the Current Events course was done for the purpose and with the effect of impermissibly influencing the content of the Current Events course.

## COUNT ONE - RETALIATION

29. Plaintiff incorporates the allegations contained in paragraphs 1-28 into this paragraph.

30. The defendants, acting under the color of state law, have retaliated against the plaintiff for the exercise of his rights under the First and Fourteenth Amendments to the United States Constitution .

## COUNT TWO - DEPRIVATION OF DUE PROCESS

31. Plaintiff incorporates the allegations contained in paragraphs 1-28 into this paragraph.

32. The defendants did not adequately warn the plaintiff of any limits upon his ability to choose course material for use in teaching the Current Events class.

33. Absent such warning, the defendants were not entitled to take action against the plaintiff for use of any such materials.

34. In taking action against plaintiff without warning defendants have deprived plaintiff of due process of law in violation of the Fourteenth Amendment to the United States Constitution.

## COUNT THREE - THREATS, COERCION AND INTIMIDATION

35. Plaintiff incorporates the allegations contained in paragraphs 1-28 into this paragraph.

36. Defendants have deprived and have attempted to deprive plaintiff of his rights under the laws of the United States and of the Commonwealth of Massachusetts by means of threats, coercion and intimidation, in violation of Mass. Gen. L. ch. 12, §§11H and I.

RELIEF REQUESTED

WHEREFORE, plaintiff requests the following relief: that (1) defendants be enjoined from removing him as teacher of the Current Events classes for the 2004-5 academic year; (2) the Court declare that his removal as Current Events teacher violated his rights under the First and Fourteenth Amendment; (3) he be awarded judgment for the damages he has sustained; (4) he be awarded attorney's fees under 42 USC §1988; and (4) judgment enter for such other and further

relief as the Court deems just and proper.

**PLAINTIFF CLAIMS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.**

                                BRIAN NEWARK

                                By his attorneys,

                                */s/ Leonard M. Singer*
                                Leonard M. Singer
                                BBO 464600
                                Craighead Glick LLP
                                277 Dartmouth Street
                                Boston, Massachusetts 02116
                                (617) 859-8200

                                */s/ Sarah R. Wunsch*
                                Sarah R. Wunsch (by LMS)
                                BBO 548767
                                American Civil Liberties Union of
                                        Massachusetts
                                99 Chauncy Street
                                Boston, Massachusetts 02111
                                (617) 482-3170

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Newark -v- Trudeau__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    ___  I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    440  II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950. for patent, trademark or copyright cases

    ___  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

    ___  IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

    ___  V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

    __None__

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

    YES ☐    NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

    YES ☐    NO ☒

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

    YES ☐    NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

    YES ☐    NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

    YES ☒    NO ☐

    A. If yes, in which division do all of the non-governmental parties reside?

        Eastern Division ☒    Central Division ☐    Western Division ☐

    B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

        Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

    YES ☐    NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Leonard M. Singer, Esq.__
ADDRESS __Craighead Glick LLP, 277 Dartmouth Street, Boston, MA 02116__
TELEPHONE NO. __617-859-8200 x212__

(CategoryForm.wpd - 10/17/02)

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**

BRIAN NEWARK

**DEFENDANTS**

GILBERT L. TRUDEAU, and
T.C. (CHRIS) MATTOCKS

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __Norfolk__
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT __Norfolk__
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Leonard M. Singer, Esq.
Craighead Glick LLP
277 Dartmouth Street
Boston, MA 02116    (617) 859-8200 x212

ATTORNEYS (IF KNOWN)

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

42USC 1983 - retaliation for asserting First Amendment rights

**V. NATURE OF SUIT** (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Other | | | |

**VI. ORIGIN** (PLACE AN x IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23

**DEMAND $**

Check YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):

JUDGE _____    DOCKET NUMBER _____

DATE 8/24/04

SIGNATURE OF ATTORNEY OF RECORD
Leonard M. Singer

UNITED STATES DISTRICT COURT